J-S49027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| DEBORAH K. MCKISSICK, | | |
| Appellant | | No. 1852 MDA 2014 |

Appeal from the PCRA Order entered October 3, 2014,
in the Court of Common Pleas of Snyder County,
Criminal Division, at No(s): CP-55-CR-0000344-2010

BEFORE:  BENDER, P.J.E., ALLEN, and OLSON, JJ.

MEMORANDUM BY ALLEN, J:                    **FILED AUGUST 07, 2015**

Deborah K. McKissick ("Appellant") appeals *pro se* from the order denying her petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The pertinent facts are as follows:

> In 2010, Appellant was a paralegal at a law office handling Shelly Walter's bankruptcy petition.  Ms. Walter's [vehicle], a Ford 150 pickup truck, was scheduled to be repossessed by GMAC, its lienholder.  Appellant instructed Ms. Walter to leave the keys inside the truck, so it could be voluntarily surrendered to GMAC.  Appellant then went to Ms. Walter's home while she was at a court hearing, and took possession of Ms. Walter's truck for Appellant's personal use.  Appellant never made arrangements for GMAC to repossess Ms. Walter's vehicle.  When Ms. Walter learned that the truck registration was renewed, she became suspicious.  Ms. Walter contacted law enforcement, and their investigation led to Appellant being charged with [theft by unlawful taking, receiving stolen property, and unauthorized use of a motor vehicle].

*Commonwealth v. McKissick*, 64 A.3d 270 (Pa. Super. 2013), unpublished memorandum at 1-2.

On January 26, 2011, Appellant entered into a negotiated plea. In return for her pleading guilty to receiving stolen property, as a third-degree felony, and the payment of restitution, the Commonwealth would withdraw the remaining charges, and would agree to a "minimum within [the] bottom half of [the] standard range, maximum less than 24 months." Plea Agreement, 1/26/11, at 1. By order entered that same date, the trial court acknowledged Appellant's plea agreement. The trial court further stated that "[c]onsideration of and acceptance or rejection of the plea and the plea agreement by the Court is deferred until the date fixed for sentencing, pending receipt of a presentence investigation." Order, 1/26/11, at 1.

On June 13, 2011, Appellant's counsel filed a motion to withdraw Appellant's guilty plea.[1] According to this motion, Appellant averred that she "is not guilty of receiving stolen property," and "believes she has a defense against the charges filed against her." Motion, 6/13/11, at 1. On June 29, 2011, new counsel entered his appearance for Appellant. By order entered July 7, 2011, the trial court granted Appellant's motion to withdraw her guilty plea. The trial court stated: "The guilty plea is withdrawn in that the

_____

[1] That same day, Appellant's counsel filed a motion to withdraw from representing Appellant.

presentence report indicates that the court could not legally accept the plea agreement in this case." Order, 7/7/11, at 1. In a separate order entered that same day, the trial court granted prior counsel's written motion to withdraw, and granted new counsel's oral motion to withdraw. *See* Order, 7/14/11, at 1.

On July 26, 2011, the Snyder County Public Defender's Office entered its appearance for Appellant. Thereafter:

> On December 19, 2011, the jury convicted Appellant [on all the charges]. On February 13, 2012, the trial court conducted a sentencing hearing, and assigned Appellant a prior record score of five, instead of Appellant's requested score of four. The trial court determined that Appellant's convictions for theft by unlawful taking and receiving stolen property merged, and sentenced Appellant to 12 to 24 months of incarceration, followed by 36 months of probation. The trial court made the foregoing sentence consecutive to Appellant's sentence of 3 to 12 months for her conviction of unauthorized use of an automobile. Further, Appellant's minimum aggregate sentence was reduced to 11¼ months because the trial court determined that Appellant was eligible for the Recidivism Risk Reduction Initiative.

*McKissick*, unpublished memorandum at 2-3.

On February 23, 2012, Appellant filed timely post-sentence motions. Among her claims, Appellant asserted that the trial court erred in miscalculating her prior record score. On May 10, 2012, the trial court denied Appellant's post-sentence motions. Appellant filed a timely appeal to this Court. On January 4, 2013, we adopted the trial court's May 10, 2012 opinion as our own in rejecting all of Appellant's claims and affirming her

judgment of sentence. ***McKissick***, ***supra***. On September 9, 2013, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. McKissick***, 74 A.3d 1031 (Pa. 2013).

On December 6, 2013, Appellant filed a *pro se* PCRA petition. On December 9, 2013, the PCRA court appointed counsel. An evidentiary hearing originally scheduled for May of 2013 was continued so that PCRA counsel could file either an amended petition or a "no-merit" letter and motion to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 31, 2014, PCRA counsel filed a ***Turner***/***Finley*** letter in which he detailed his review of Appellant's claims and explained why they lacked merit. Within this letter, PCRA counsel also requested leave to withdraw.

On August 25, 2014, the PCRA court issued an opinion supporting PCRA counsel's assessment of Appellant's PCRA petition, granted PCRA counsel's request to withdraw, and gave Appellant Pa.R.Crim.P. 907 notice of intent to dismiss her PCRA petition without a hearing. On September 11, 2014, Appellant filed a lengthy, handwritten response, in which she asserted that PCRA counsel did not personally contact her. By order entered September 29, 2014, the trial court directed PCRA counsel to respond to Appellant's allegation and inform the court whether he wished to withdraw his ***Turner***/***Finley*** letter. By letter dated October 1, 2014, PCRA counsel denied Appellant's allegation and reaffirmed his belief that Appellant's PCRA

claims were without merit. By order entered October 3, 2014, the PCRA court dismissed Appellant's *pro se* PCRA petition. This timely appeal followed. Although the PCRA court did not require Pa.R.A.P. 1925(b) compliance, it issued a Rule 1925(a) opinion referring to an earlier opinion supporting its Pa.R.Cim.P. 907 notice, for the reasons supporting its dismissal of Appellant's PCRA petition.

In this appeal, Appellant raises the following issues:

I. Did the [PCRA] court err when it dismissed Appellant's PCRA petition without requiring [PCRA counsel] to meet [the] requirements of Pa.R.[Crim.]P. 904?

II. Did the PCRA court err in determining that Appellant's claim of ineffective assistance in regard to a failure to assert a claim of incorrect prior record score resulting in the loss of [a] plea bargain on the ground that the claim had been previously litigated on direct appeal?

III. Did the [PCRA] Court err in its determination that the inclusion of the Maryland conviction did not affect [Appellant's] sentence?

IV. Did the [PCRA] court err in denying Appellant PCRA relief without an evidentiary hearing on her claim that counsel's omission led to the loss of court entered plea, as the standard of assessing whether Appellant was prejudiced by counsel's ineffective was erroneous?

V. Did the [PCRA] court err when it failed to address whether [] Appellant was afforded ineffective assistance of counsel, where all prior counsel appeared to be unaware of the Pennsylvania Code and Sentencing Guidelines resulting in loss of [a] plea?

VI. Did the [trial] court erred when it withdrew Appellant's plea on July 7, 2011 based upon an erroneous pre-sentence investigation report which allowed probation to grade Maryland offense of Forgery and Counterfeit Documents to a Felony 2 (F2) when Maryland record[s]

clearly show the offense as an ungraded felony which resulted in loss of [the] plea entered into on January 26, 2011?

VII. Did appellate [counsel's] failure to include a Pa.R.A.P. 2119(f) [statement] constitute ineffective assistance of counsel and comprise Appellant's direct appeal rights?

VIII. Did the [trial c]ourt have jurisdiction over Appellant's proceeding?

Appellant's Brief at 8-10 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1104 (Pa. Super. 2001).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated. *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa.

2012). An issue has been "previously litigated" if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence." **Koehler**, 36 A.3d at 131-132; 42 Pa.C.S.A. § 9544(a)(2). If a claim has not been previously litigated, the petitioner must prove that the issue was not waived. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post[-]conviction proceeding." **Id.** at 132; 42 Pa.C.S.A. § 9544(b).

Moreover, to the extent Appellant challenges the effectiveness of prior counsel, we note: To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. **Id.** at 533. A finding of

"prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

In her first issue, although Appellant claims that PCRA counsel did not comply with Pa.R.Crim.P. 904, her true claim is that he did not comply with all of the ***Turner***/***Finley*** requirements. More specifically, Appellant asserts that PCRA counsel did not file a separate request to withdraw, failed to have meaningful contact with her so that her post-conviction issues could be properly presented, and failed to inform her that she could proceed with privately retained counsel. ***See*** Appellant's Brief at 14-21.

This Court has recently summarized:

> The ***Turner***/***Finley*** decisions provide the manner for [PCRA] counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court, if the no-merit letter is filed before it, ***see Turner***, ***supra***, then must conduct its own independent review of the record and agree with counsel that the petition is without merit. ***See*** [***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009)].

In ***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006), *abrogated in part by* ***Pitts***, ***supra***, this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to ***Friend***, counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdraw request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in ***Pitts*** that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of ***Friend*** as those prerequisites did not apply to the petitioner in ***Pitts***. ***See*** [***Pitts***, 987 A.2d at 881 (Castille, C.J., concurring)].

After the decision in ***Pitts***, this Court held in ***Commonwealth v. Widgins***, 29 A.3d 816 (Pa. Super. 2011), that the additional procedural requirements of ***Friend*** were still applicable during collateral review.

***Commonwealth v. Freeland***, 106 A.2d 768, 774-775 (Pa. Super. 2014) (citation omitted).

Our review of the record supports the PCRA court's conclusion that PCRA counsel substantially complied with the requirements of ***Turner/Finley*** and their progeny. With regard to PCRA counsel's failure to file a separate request to withdraw, the PCRA court noted: "The proper procedure is for counsel to file a separate Petition to Withdraw. In this case counsel included a request to withdraw within the body of his 'no merit letter.' We are not going to insist that counsel take the step of now filing a formal Petition to Withdraw." We agree. In addition, in response to Appellant's assertion in her *pro se* response that PCRA counsel did not communicate with her, the PCRA court directed PCRA counsel to

- 9 -

acknowledge whether he did so. We cannot disturb the PCRA court's decision to credit PCRA counsel's account of his communication with Appellant. *See Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

Although Appellant complains that PCRA counsel did not fully comprehend the issues she wished to raise, we note that Appellant filed a timely *pro se* response to the PCRA court's Pa.R.Crim.P. 907 notice, in which she alerted the PCRA court of these perceived shortcomings. Finally, Appellant suffered no prejudice. Appellant asserts that "[w]hile this [failure] may not appear to affect [her] claim, [] if [she] knew she had a right to obtain private counsel [she] may have." Appellant's Brief at 19. During the course of her criminal proceedings, Appellant has been represented by both privately retained counsel and court-appointed counsel. As a trained paralegal, Appellant filed a lengthy response to the PCRA court's Pa.R.Crim.P. 907 notice, in which she correctly cited pertinent case authority as well as the sentencing guidelines and the Pennsylvania Code. Given these circumstances, PCRA counsel's failure to comply with *Friend* does not serve as a basis for remand. For the foregoing reasons, Appellant's first issue is without merit.

Appellant's second issue, as well as her fourth and fifth, presuppose that the trial court could not accept her guilty plea because of a

- 10 -

miscalculation of her prior record score, and that the trial court's actions caused her to lose the benefit of the plea bargain. Appellant cites no record evidence or case authority to support this claim. *See Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal). Moreover, the calculation of Appellant's prior record score does not affect her ability to plead guilty to any crime. It is a sentencing factor, which becomes relevant only after the entry of a valid guilty plea or conviction following trial.

In her claims on direct appeal to this Court, Appellant challenged the calculation of her prior record score. The trial court rejected Appellant's claim that the Commonwealth failed to meet its burden of establishing Appellant's prior convictions, and nevertheless concluded that any error in Appellant's prior record score was of no significance. The court reasoned:

> [Appellant] contends our sentence was illegal because we did not calculate her prior record score as a "4", instead of a "5." [Appellant] argues that because she challenged the score, it was the Commonwealth's burden to present evidence to overcome her objections.
>
> ***
>
> In the present case, the Court accepted the probation department calculation [of Appellant's prior record score] and was unwilling to accept [Appellant's] challenge without some further proof, which [Appellant] has never provided, and which [Appellant] has now admitted does not exist because the records have been destroyed. [Appellant admits she cannot produce a record because it has been destroyed, yet seeks to penalize the Commonwealth for not producing the same nonexistent record.]
>
> ***

- 11 -

Notwithstanding the calculation of the prior record score, we agree with the Commonwealth that [Appellant's] argument about the prior record score is of no moment because in giving [Appellant] a minimum sentence of 12 months, we sentenced her in the standard range sentence of the sentencing guidelines for either prior record score. With a score of 5[,] the standard range is 12 to 18 months; with a score of 4, it is 9 to 16 months. Given her prior criminal history, which includes multiple offenses involving stealth and deception akin to the present offense, a standard range sentence was extremely lenient. [The presentence report shows that Appellant has multiple convictions for bad checks and a felony conviction for forgery. Her prior case dispositions have included Rule 586 settlements, ARD, fines, probation, county imprisonment and intermediate punishment.] Moreover, contrary to [Appellant's] contention, she was not "entitled" to a sentence of intermediate punishment. She has experienced the full menu of dispositions available in our criminal justice system to no effect. Confinement in a state correctional institution was the appropriate place of confinement[.]

Trial Court Opinion, 5/10/12, at 9-12 (footnotes and citations omitted).

Appellant correctly contends in her second issue that her claim of ineffective assistance of counsel with regard to the calculation of her prior record score is not "previously litigated" under the PCRA. *See* *Commonwealth v. Hanible*, 30 A.3d 426, 441-42 (Pa. 2011) (distinguishing between previous litigation of underlying claim vis-à-vis derivative ineffective assistance of counsel claim). Nevertheless, Appellant's fourth and fifth issues fail because Appellant had not established that her guilty plea was rejected due a miscalculation of her prior record score. *See* *supra*. Moreover, Appellant has failed to provide a sufficient factual predicate for her claim that her correct prior record score is a "3", based on

her prior Maryland conviction being an ungraded felony. **See** Appellant's Brief at 15-16. Even if Appellant could establish a miscalculation, the trial court provided ample reasons for its imposition of a state sentence, irrespective of Appellant's prior record score.

Finally, we summarily reject Appellant's remaining claims. In both her third and sixth issues, Appellant asserts trial court error. In her third issue, Appellant asserts that the trial court erred in determining that the inclusion of Appellant's prior Maryland conviction did not affect the sentence it actually imposed. **See** Appellant's Brief at 26. In her sixth issue, Appellant asserts the trial court erred in withdrawing her guilty plea based upon an erroneous miscalculation of her prior record score. **See** Appellant's Brief at 40. Because both claims of trial court error could have been raised on direct appeal, they are waived under the PCRA. **Koehler**, **supra**.

In her seventh issue, Appellant contends that appellate counsel's failure to include a Pa.R.A.P. 2119(f) statement in her appellate brief "compromise[d] her direct appeal rights." Appellant's Brief at 45. According to Appellant, "[the trial court] did not object to the absence of the Pa.R.A.P. statement thereby making ineffective counsel appear effective." **Id.** These claims are refuted by the record. In affirming Appellant's judgment of sentence, we acknowledged that because the Commonwealth did not object to Appellant's procedural omission, Appellant's discretionary aspects claim was properly preserved for review. **McKissick**, unpublished memorandum at 6.

- 13 -

Finally, Appellant's eighth claim that the trial court did not have jurisdiction over her criminal proceedings is specious. Although Appellant cites to provisions of the United States Bankruptcy Code, she has failed to develop a coherent argument in support of this claim. Thus, we need not consider it further. ***Tielsch***, ***supra***.

In sum, for the foregoing reasons, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015